# FINAL REPORT[1]

## Recommendation 3-2016, Minor Court Rules Committee

*Amendment of Rules 1201, 1205-1206 and 1208, and of the Official Note to Rule 206 of the Pennsylvania Rules of Civil Procedure before Magisterial District Judges*

EMERGENCY PROTECTIVE ORDERS IN CONNECTION WITH
CLAIMS OF SEXUAL VIOLENCE OR INTIMIDATION

## I.    Introduction

The Minor Court Rules Committee ("Committee") recommended amendments to Rules 1201, 1205-1206 and 1208, and to the Official Note to Rule 206 of the Pennsylvania Rules of Civil Procedure before Magisterial District Judges ("Rules").  The amendments clarify the nature of the emergency relief available in connection with claims of sexual violence or intimidation, as provided for in recent legislation.

## II.    Background and Discussion

In 2014, the Committee learned of enacted legislation that permits a victim of sexual violence or intimidation to petition a court for protection from a defendant.  *See* Act of Mar. 21, 2014, P.L. 365, No. 25, 42 Pa.C.S. §§ 62A01-62A20 ("Act").  The Act provides for emergency protective orders in connection with claims of sexual violence and intimidation, in much the same manner as existing emergency protection from abuse orders.  The new law took effect July 1, 2015.

The Committee compared the provisions of the Act with the Protection From Abuse Act, 23 Pa.C.S. §§ 6101-6122, as well as current Rules 1201-1211, and drafted and recommended amendments to incorporate the new protective order provisions within existing Rules 1201-1211.  The Court adopted the recommendation on June 29, 2015, and it took effect on July 1, 2015.[2]

After the adoption of the rule changes, the Committee was queried whether the allegation of harm required by the petition was stricter than that required by the Act.  Specifically, the emergency petition contained a provision that "[e]mergency relief from sexual violence or intimidation is required because there is immediate and present

---

[1] The Committee's Final Report should not be confused with the Official Notes to the Rules.  Also, the Supreme Court of Pennsylvania does not adopt the Committee's Official Notes or the contents of the explanatory Final Reports.

[2] Order, *see* No. 387 Magisterial Rules Docket (June 29, 2015).

danger of sexual violence or intimidation by the defendant to me and the above listed minor (child)(children)(incapacitated person)."

The Act's general provision on commencement of proceedings provides that a person may seek relief "by filing a petition with the court alleging the need for protection from the defendant with respect to sexual violence or intimidation." 42 Pa.C.S. § 62A05(a). Additionally, the provision of the Act addressing emergency relief by the minor judiciary provides that a hearing officer may grant relief "if the hearing officer deems it necessary to protect the victim upon good cause shown in an ex parte proceeding. Immediate and present danger posed by the defendant to the victim shall constitute good cause for the purposes of this subsection." 42 Pa.C.S. § 62A09(a).

Upon further examination of the Act, the Committee agreed that its intent was to provide protection in connection with claims of sexual violence or intimidation, and that the protection granted is not be limited to providing protection from further acts of sexual violence or intimidation. Applying a narrow reading of 42 Pa.C.S. § 62A05(a), and requiring an allegation of immediate and present danger of further sexual violence or intimidation, could have the unintended consequence of denying protective relief to a person who may not fear further sexual violence or intimidation by the defendant, but rather bodily injury or death. The Committee agreed that the showing required by 42 Pa.C.S. § 62A09(a), "[i]mmediate and present danger" is the appropriate standard for emergency protective relief under the Act.

## III.     Rule Changes

The amendments clarify that the protective relief is in connection with claims of sexual violence and intimidation, and is not specifically protection from further sexual violence or intimidation. In Rules 1201, 1205-1206 and 1208, additional subparagraphs have been added to distinguish relief available under the Protection From Abuse Act, set forth in the Domestic Relations Code, 23 Pa.C.S. § 6101-6122, from relief available in connection with claims of sexual violence and intimidation under the Act. The Official Note to Rule 206 is amended to clarify that the general relief available under the Act is for victims of sexual violence or intimidation, and not specifically relief from further sexual violence or intimidation. Additionally, while the content of the petition and order forms are not contained within the Rules, those forms are being modified consistent with the changes described above.